**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**PLUMBERS, PIPEFITTERS AND APPRENTICES LOCAL UNION
NO. 112 PENSION FUND, by James Rounds and Wayne Howard,
as Trustees, PLUMBERS, PIPEFITTERS AND APPRENTICES
LOCAL UNION NO. 112 ANNUITY FUND, by James Rounds and**     **3:08-CV-00002**
**Wayne Howard, as Trustees, PLUMBERS, PIPEFITTERS AND**     **(NAM/DEP)**
**APPRENTICES LOCAL UNION NO. 112 HEALTH FUND, by
James Rounds and Wayne Howard, as Trustees, PLUMBERS,
PIPEFITTERS AND APPRENTICES LOCAL UNION NO. 112
EDUCATIONAL AND APPRENTICESHIP FUNDS, by James Rounds
and Wayne Howard, as Trustees, and the LOCAL UNION NO. 112
OF THE UNITED ASSOCIATION OF JOURNEYMEN AND
APPRENTICES OF THE PLUMBING AND PIPE FITTING INDUSTRY
OF THE UNITED STATES AND CANADA, by James Rounds, Business Manager,**

         **Plaintiffs,**

  vs.

**FENDICK PLUMBING, HEATING & AIR CONDITIONING, INC.**

         **Defendant.**
_____

**APPEARANCES**                                **OF COUNSEL:**

Blitman & King LLP                             Jennifer A. Clark, Esq.
Franklin Center
443 North Franklin Street
Suite 300
Syracuse, NY 13204-1415
*Attorney for Plaintiffs*

Hiscock & Barclay, LLP                         Alan R. Peterman, Esq.
One Park Place
300 South State Street
Syracuse, NY 13202-2078
*Attorney for Defendant*

**Norman A. Mordue, Chief U.S. District Judge**:

       **MEMORANDUM-DECISION AND ORDER**

**I.      INTRODUCTION**

Plaintiffs Plumbers, Pipefitters and Apprentices Local Union No. 112 Pension Fund; Plumbers, Pipefitters and Apprentices Local Union No. 112 Annuity Fund; Plumbers, Pipefitters and Apprentices Local Union No. 112 Health Fund; Plumbers, Pipefitters and Apprentices Local Union No. 112 Educational and Apprenticeship Funds, by James Rounds and Wayne Howard, as Trustees; and Local Union No. 112 of the United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada, by James Rounds, Business Manager, bring this action alleging that defendant Fendick Plumbing, Heating & Air Conditioning, Inc., violated section 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1145, by failing to timely remit fringe benefit contributions and deductions to plaintiffs from May 1, 2003 through April 30, 2006.  Presently before the Court are: (1) defendant's motion pursuant to Rule 55(c) of the Federal Rules of Civil Procedure to set aside the clerk's entry of default (Dkt. No. 9); and (2) plaintiffs' opposition to defendant's motion and plaintiffs' cross-motion for an extension of time within which to file a motion for default judgment (Dkt. No. 10).

**II.     BACKGROUND**

On January 2, 2008, plaintiffs filed the instant complaint.  Dkt. No. 1.  On January 11, 2008, plaintiffs served a copy of the summons and complaint on defendant.  Dkt. No. 5. Defendant was required to file an answer on or before January 31, 2008.  *See* Dkt. No. 5. Defendant filed no answer in this matter.  On February 11, 2008, plaintiffs requested, (Dkt. No. 6) and on February 12, 2008, obtained, a clerk's entry of default, (Dkt. No. 8).  The Court directed plaintiffs to file any motion for default judgment on or before March 3, 2008.  Later that day,

defendant filed a motion to set aside the clerk's entry of default on the ground that Hiscock & Barclay, the law firm representing defendant in this matter, did not file an answer "due to miscommunication within the Firm". Dkt. No. 9-2, ¶ 7. Plaintiffs oppose defendant's motion and cross-move for an extension of time within which to file a motion for default judgment. Dkt. No. 10.

## III.  DISCUSSION

Pursuant to Rule 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk "must enter the party's default." After the entry of a default, a litigant may move pursuant to Rule 55(c) to set aside the entry "for good cause shown".

In the context of a motion to set aside a default under Rule 55(c), the Court must assess "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented," as well as "[o]ther relevant equitable factors" such as "whether the failure to follow a rule of procedure was a mistake made in good faith and whether the entry of default would bring about a harsh or unfair result," *Enron Oil Corp. v. Diakuhara*, 10 F.3d 96 (2d Cir. 1993). "Although the factors examined in deciding whether to set aside a default or a default judgment are the same, courts apply the factors more rigorously in the case of a default judgment". *Id*.

In this case, the failure to file an answer was the result of a "miscommunication" within the law firm representing defendant in this matter. Thus, there is no evidence of willfulness. Plaintiffs, in opposing defendant's motion, do not suggest that vacating the entry of default would be prejudicial. Finally, defendant asserts that there is a meritorious defense in this case because

3

there is no written agreement underlying the contributions defendant made to the plaintiff Funds in this case. Having considered all the relevant factors, the Court, in its discretion, concludes that defendant has established good cause for setting aside the clerk's entry of default. Accordingly, defendant's motion to set aside the clerk's entry of default (Dkt. No. 8) is granted and plaintiffs' motion for an extension of time within which to file a motion for default judgment is denied as moot.

### IV.   CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that defendant's motion to set aside the clerk's entry of default is **GRANTED**; and it is further

**ORDERED** that plaintiffs' cross-motion for an extension of time within which to file a motion for default judgment is **DENIED** as moot; and it is further

**ORDERED** that defendant file and serve an answer in this case within **ten (10) days** of the date of this Memorandum-Decision and Order.

**IT IS SO ORDERED.**

Date:  September 29, 2008

_____
Norman A. Mordue
Chief United States District Court Judge